WATKINS, Judge.
Plaintiff, Pacificorp Capital, Inc., (Pacifi-corp), was an unsuccessful bidder on an “Invitation to Bid” (ITB) issued by the State of Louisiana, Division of Administration, for computer equipment to be used by the Louisiana Department of Social Services. The bid was awarded to International Business Machines Corporation (IBM). By letter dated October 23, 1990, Pacificorp formally protested the award.
A hearing was held on November 29, 1990, before Hearing Officer J. Terry Ryder. The issue considered by the officer was the meaning of the IBM response to ITB item 3.4, which provided in pertinent part as follows: “3.4 ... Equipment sought through this ITB must be new.” IBM’s response was: “3.4 ... The equipment bid will be shipped from IBM’s Plant of Manufacture, not refurbished, and will be warranted as new.”
On appeal Pacificorp asserts that the IBM response was not responsive because the phrase “warranted as new” is allegedly a term of art in the computer industry and means that the equipment will not be new but will be used equipment with an “as new” warranty. Hearing Officer Ryder’s conclusion concerning the issue was:
During the hearing, there was testimony and discussion concerning whether “warranted as new” is a term of art in the data processing business and necessarily means used equipment warranted as though new.... The testimony alone does not resolve the issue as it did not indicate that the phrase clearly excludes all reasonable interpretations except that used equipment was being bid.
Viewed in context and with normal usage, the IBM response indicates that the equipment bid will be “shipped from IBM’s Plant of Manufacture,” a place where one might easily conclude new equipment rather than used equipment might originate. Additionally, it is stated that the equipment will not be refurbished. Is it reasonable to assume that IBM will ship used equipment to the state not re-furbished? Perhaps it is more reasonable to conclude that “not refurbished” is included to make it clear the equipment would not be used. Thus, it seems to this hearing officer that it is not reasonable to conclude that the response necessarily means used....
As to the other issues now reiterated in Pacificorp’s brief on appeal, the Hearing Officer responded:
A lengthy hearing in this matter was held on November 29, 1990. Liberal rules of evidence were applied in an attempt to ensure a thorough and fair discussion of the issues.
During the hearing testimony was admitted and exhibits introduced, much of which need not be commented on in this decision as it is not within the issues raised in the above referenced protest letter of October 23 and it is not necessary or appropriate to consider (other) issues_ (See LAC 34:1.3105.)
Having reviewed the entire record, we hold that both conclusions reached by the Hearing Officer were correct: first, that IBM was not bidding used equipment, and second, that Pacificorp could not bring in evidence, even with the consent of those present, of issues which were not included in the notice of protest.
Accordingly, we affirm the trial court judgment and cast appellant for costs of this appeal.
AFFIRMED.